# Bruner, Appellant, *v.* Finley.

*Res adjudicata—Ejectment—Equity—Trusts and trustees.*

In an ejectment a verdict for the defendant will be sustained, where it appears that in a previous equity suit in which the parties were the same, the properties were the same, and the equity set up against the legal title was the same, a decree was entered against the plaintiff.

Argued Jan. 11, 1907.   Appeal, No. 264, Jan. T., 1906, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1903, No. 333, on verdict for defendants in case of Meta N. Bruner v. Annie B. Finley et al.   Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Ejectment for land in Crescentville, City of Philadelphia.

For the facts see Bruner v. Finley, 187 Pa. 389, where the issue raised by the present ejectment was adjudicated.

The court gave binding instructions for defendants.

Verdict and judgment for defendants.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendants.

*A. J. H. Frank,* for appellant.

*Jas. Aylward Develin,* with him *Monaghan & Phillips,* for appellees.

Opinion by Mr. Justice Fell, February 25, 1907:

This was an ejectment against the heirs of Thomas Finley, and the question was whether he took title subject to a trust twenty-eight years before the action was brought.   The plaintiff in her declaration based her right to recover on two written declarations of trust, one by Browning, who conveyed to Finley by deed absolute, and one by Finley.   Neither was proved and the case might have been ended on this ground.   If the declarations alleged had been proved they would not have made out the plaintiff's case for the reason that under the

terms of the trust declared upon she was not entitled to a conveyance. The whole subject in dispute was, however, finally adjudicated in a proceeding in equity in 1898 : see Bruner v. Finley, 187 Pa. 389, in which a bill for an account was filed. In that proceeding the precise question here raised was decided adversely to the plaintiff by a court of competent jurisdiction, the parties were the same as in this action, the same properties were in dispute, and the equity set up against the legal title was identical. An accounting was refused for the reason that no trust had been established, and in dismissing the bill it was said that " the plaintiff had no possible claim in equity or at law against these defendants." The binding effect of that adjudication set at rest the rights involved in this action.

The judgment is affirmed.